UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS ROBERT O'NEAL,<br><br>Plaintiff,<br><br>v.<br><br>CF WATSONVILLE WEST LLC,<br><br>Defendant. | Case No. 21-cv-08450-RS<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTIONS TO DISMISS AND COMPEL ARBITRATION** |

**I. INTRODUCTION**

Otis Robert O'Neal Jr. ("Plaintiff") filed this lawsuit in Santa Cruz Superior Court against CF Watsonville West LLC, which operates a skilled nursing facility, Watsonville Post Acute Center. The lawsuit arises from the death of Otis Robert O'Neal ("O'Neal"), Plaintiff's father. O'Neal passed away from complications of COVID-19, which he contracted while living and receiving care at Watsonville Post Acute Center. Defendant removed this case to federal court, and now seeks to dismiss the case, or in the alternative to compel arbitration. Plaintiff opposes the motion to dismiss and seeks remand to state court. In opposition to Plaintiff's motion to remand, Defendant argues that the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§247d-6d and 247d-6e (the "PREP Act"), confers subject matter jurisdiction. Contrary to Defendant's argument, the PREP Act does not provide a basis for federal subject matter jurisdiction or removal, and thus the motion to remand is granted. The motions to dismiss and compel arbitration are denied as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

O'Neal passed away on September 25, 2020 due to complications from COVID-19, which he contracted while at Watsonville Post Acute Center. Complaint, ¶ 2. Plaintiff alleges that Watsonville Post Acute Center had deficiencies in its infection control policies, and experienced a COVID-19 outbreak starting in September 2020 that led to 50 of its 74 residents contracting COVID-19 by November 2020. Complaint, ¶ 4.

In September 2021, Plaintiff filed this lawsuit in Santa Cruz County Superior Court, alleging various violations of California state law. Plaintiff asserted four causes of action: (1) neglect of an elder under Welfare and Institutions Code §§ 15610.57(a)(1) and (b)(1)-(4); (2) negligence; (3) wrongful death; and (4) willful misconduct. Complaint, ¶¶ 38-72. In October 2021, Defendant removed this action to federal court pursuant to 28 U.S.C. § 1331, on the basis that the PREP Act provides a federal defense to the lawsuit and confers jurisdiction on this Court. Defendant then brought this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in the alternative a motion to compel arbitration. Plaintiff opposes the motion to dismiss, and brings a motion to remand to state court. Plaintiff has not filed an opposition to the motion to compel arbitration, and does not address arbitration in his opposition to the motion to dismiss.

## III. LEGAL BACKGROUND

### A. Removal and Federal Question Jurisdiction

The removal statute, 28 U.S.C. § 1441(a), allows the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule requires that "a defendant may not remove a case to federal court unless the *plaintiff* 's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). Normally, an anticipated

federal defense is insufficient to create a federal question for the purpose of removal. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908).

The well-pleaded complaint rule is not without exceptions. First, *Grable & Sons Metal Products v. Darue Engineering and Manufacturing*, 545 U.S. 308 (2005), allows a federal court to exercise jurisdiction when there is a substantial and embedded question of federal law. Next, the doctrine of complete preemption also allows removal in some situations when the complaint does not state a federal question. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). Further, a civil action directed against "any officer (or any person acting under that officer) of the United States" may be removed to federal district court. 28 U.S.C. § 1442(a). When a case has been removed to federal court, the proponent of federal jurisdiction has the burden of proving removal is proper, and courts "strictly construe the removal statute against removal jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

**B. The PREP Act**

The PREP Act was enacted in 2005 and authorizes the Secretary of Health and Human Services ("HHS") to issue a declaration that "a disease or other health condition or other threat to health constitutes a public health emergency[.]" 42 U.S.C. § 247d-6d(b)(1). When such a declaration is issued, the PREP Act creates immunity from liability for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure[.]" 42 U.S.C. § 247d-6d(a)(1). When immunity applies, an injured person or such a person's survivor must seek compensation through a regulatory program, 42 U.S.C. § 247d-6e, unless the injury occurs due to willful misconduct, 42 U.S.C. § 247d-6d(d)(1). On March 10, 2020, the HHS Secretary declared the COVID-19 pandemic an emergency covered by the PREP Act. *See* Declaration Under the Public Readiness and Emergency Preparedness Act

for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198 (March 17, 2020).

An amendment to that declaration and an Advisory Opinion from the HHS Office of the General Counsel ("OGC") opine on the legal ramifications of the declaration. The HHS Secretary issued a Fourth Amendment to the Declaration under the PREP Act on December 9, 2020. Fourth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79,190 (December 9, 2020). In the amendment, the Secretary stated "[t]here are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act." *Id.* at 79,194. On January 8, 2021, HHS OGC issued an Advisory Opinion, opining that the PREP Act is a complete preemption statute and that the Secretary's Fourth Amendment supports application of the *Grable* doctrine.[1] *See* Dkt. No. 3, Defendant's Request for Judicial Notice Ex. 9, pg. 4. The Advisory Opinion, however, itself notes that the opinion "is not a final agency action or a final order" and "does not have the force or effect of law." *Id.*

## IV. DISCUSSION

Defendant does not argue that a federal claim appears on the face of Plaintiff's well-pleaded complaint. Instead, it argues that one of the exceptions or other bases for federal question jurisdiction exists.

### A. Embedded Question of Federal Law

Defendant argues that *Grable* provides jurisdiction as there is a substantial, embedded question of federal law. *Grable* allows a federal court to maintain jurisdiction of an action only

---

[1] "The Court may generally consider matters properly subject to judicial notice." *Enoh v. Hewlett Packard Enter. Co.*, No. 17-CV-04212-BLF, 2018 WL 3377547, at *6 (N.D. Cal. July 11, 2018) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Defendant's request for judicial notice, Dkt. 3, is granted as to Exhibit 9. The Advisory Opinion is a document of public record, and Plaintiff does not dispute its authenticity. Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

asserting state law claims when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314. *See also Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."). Defendant argues the substantial federal issue is the interpretation of the PREP Act.

Defendant's main support for its argument comes from the HHS Secretary's Fourth Amendment to the Declaration under the PREP Act, which supports application of the *Grable* doctrine to the PREP Act, *see* 85 Fed. Reg. 79190, as does the HHS OGC Advisory Opinion. The HHS's statement in the Fourth Amendment and its Advisory Opinion, which are not final agency actions or orders, are contrary to the great weight of district courts that have addressed this issue. As a court in the Eastern District of California has explained, "when a plaintiff brings claims such as . . . wrongful death, elder abuse, and willful misconduct based on a total failure to adequately manage dangers from Covid 19[], no substantial question of federal law is presented." *Martinez v. Spruce Holdings, LLC*, No. 1:21-CV-0739 AWI SAB, 2021 WL 3883704, at *4 (E.D. Cal. Aug. 31, 2021). As other courts have recognized, unlike *Grable* in which "the meaning of the federal statute [was] an essential element" of the state law claim, and was "the only legal or factual issue contested in the case[,]" 545 U.S. at 315, the PREP Act is only implicated by Defendant's defenses. Interpretation of the PREP Act is not necessary to establish any of the elements of Plaintiff's claims.[2] *See Lyons v. Cucumber Holdings, LLC,* 520 F. Supp. 3d 1277, 1288 (C.D. Cal.

---

[2] To the extent Defendant argues this Court should give deference to HHS's statements in the Fourth Amendment or Advisory Opinion under *Chevron, U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), or *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), deference is not appropriate. As the Third Circuit recently noted, "the scope of federal courts' jurisdiction is a legal issue that is the province of the courts, not agencies." *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 404 (3rd Cir. 2021). The PREP Act "does not grant the Secretary authority to opine on the scope of federal jurisdiction. The Secretary's position on the jurisdiction of the federal courts is not entitled to deference under *Chevron*." *Id.* at 403.

2021) ("[T]he federal issue raised relates to Defendants' defense, not the claims raised by Plaintiff.").

Defendant has not pointed to a single case in which a court, examining similar claims, has concluded that jurisdiction under *Grable* applies, and there is no basis to do so here. Exercising jurisdiction pursuant to *Grable* is inappropriate because a substantial federal issue is not "necessarily raised," *Gunn*, 568 U.S. at 258, by Plaintiff's claims.

### B. Complete Preemption

Defendant points to two cases in which district courts have concluded that the PREP Act is a complete preemption statute, *Rachal v. Natchitoches Nursing & Rehab. Center*, No. 1:21-CV-00334, 2021 WL 5449053 (W.D. La. Apr. 30, 2021) and *Garcia v. Welltower OpCo Group*, 522 F.Supp.3d 734 (C.D. Cal. 2021). In contrast, Plaintiff points out that the great weight of courts have concluded to the contrary, establishing *Rachal* and *Garcia* as outlier cases.[3] Whether the PREP Act is a complete preemption statute, though, need not be addressed, because the PREP Act does not apply to Plaintiff's claims.

"[B]efore complete preemption can apply to a plaintiff's state law claims, [] the claims at issue must fall within the scope of the relevant federal statute." *Stone v. Long Beach Healthcare Ctr., LLC*, No. CV 21-326-JFW(PVCX), 2021 WL 1163572, at *4 (C.D. Cal. Mar. 26, 2021) (internal quotation marks and citation omitted). A covered countermeasure is defined by the PREP Act as: (1) "a qualified pandemic or epidemic product[;]" (2) "a security countermeasure[,]" i.e., a "drug," "biological product," or "device" that meets specified qualifications; (3) a "drug . . . , biological product . . ., or device . . . that is authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act; or" (4) "a respiratory protective device that is approved by the National Institute for Occupational Safety and Health, . . .

---

[3] Cases concluding the PREP Act is not a complete preemption statute include *Acra v. California Magnolia Convalescent Hospital, Inc., et al.,* No. 5:21-cv-00898-GW-SHKx, 2021 WL 2769041 at *8 (C.D. Cal July 1, 2021), *Winn v. California Post Acute*, 532 F.Supp.3d 892 (C.D. Cal. 2021), and *Stone v. Long Beach Healthcare Center*, No. 2:21-cv-00326-JFW-PVC, 2021 WL 1163572 (C.D. Cal. Mar. 26, 2021).

and that the Secretary determines to be a priority for use during a public health emergency declared under section 247d of this title." 42 U.S.C. § 247d-6d(i)(1)(A)–(D).

The core of Plaintiff's Complaint is about the failure to create an infection control policy, not the administration of covered countermeasures. Indeed, the Complaint focuses on the failure "to implement effective infection control policies throughout [Defendant's] facility" and the failure "to provide necessary staffing to care for residents[.]" Complaint, ¶ 25. Plaintiff further alleges that Defendant "fail[ed] to enforce social distancing among residents[,]" "fail[ed] to actively screen everyone entering the building for fever and symptoms of COVID-19[,]" and "fail[ed] to implement a reasonable plan of care to address Mr. O'Neal's treatment needs[,]" among other allegations about Defendant's actions and inactions. *Id.* Of course, allegations such as the failure to screen people entering the building for COVID-19 or failure to implement infection control policies could potentially implicate COVID-19 tests or masks distributed by the facility, which could fall under the umbrella of covered countermeasures. The crux of Plaintiff's Complaint, though, concerns the Defendant's inactions, rather than their use of countermeasures covered by the PREP Act.

As another district court has held, a plaintiff's "reference to the use of devices or products in their facility that qualify as covered countermeasures" is insufficient to "trigger complete preemption under the PREP Act[,]" and thus removal is improper. *Hopman v. Sunrise Villa Culver City*, No. 2:21-cv-01054-RGK-JEM, 2021 WL 1529964, at *5 (C.D. Cal. Apr. 16, 2021); *see also Brown v. Big Blue Healthcare*, 480 F. Supp. 3d 1196, 1206 (D. Kan. 2020) (explaining "that a facility using covered countermeasures somewhere in the facility" is not sufficient "to invoke the PREP Act as to all claims that arise in that facility" because "[t]he PREP Act still requires a causal connection between the injury and the use or administration of covered countermeasures" (emphasis omitted)). Here, Plaintiff's claims are not "caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1). Thus, Plaintiff's claims do not fall within the scope of the PREP Act, and Defendant has failed to establish complete preemption.

ORDER GRANTING MOTION TO REMAND
CASE NO. 21-cv-08450-RS


**C. Federal Officer Removal**

A defendant seeking removal under the federal officer removal statute, 28 U.S.C. § 1442(a), "bears the burden of showing that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense." *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) (internal quotation marks and citation omitted). Unlike the general removal statute, courts must interpret section 1442 "broadly in favor of removal." *Id.*

District courts within the Ninth Circuit have repeatedly held that nursing homes and skilled nursing centers implementing federal regulations related to COVID-19 are merely complying with the law, rather than acting pursuant to a federal officer's direction within the meaning of section 1442. *See, e.g. Martinez*, 2021 WL 3883704, at *3; *Acra v. California Magnolia Convalescent Hospital, Inc., et al.,* No. 5:21-cv-00898-GW-SHKx, 2021 WL 2769041, at *7 (C.D. Cal Jul. 1, 2021). The Third Circuit in *Maglioli v. Alliance HC Holdings*, 16 F.4th 393 (3rd Cir. 2021), recently held the same. That court explained that even though "nursing homes are subject to intense regulation, that alone does not mean they were 'acting under' federal officers." *Id.* at 405.

In contrast, Defendant is unable to point to any similar case in which a skilled nursing center or similar care facility was found to be acting pursuant to a federal officer's direction. Defendant instead points to two cases from Texas, *Fields v. Brown*, 519 F.Supp.3d 388 (E.D. Tex. 2021) and *Wazelle v. Tyson Foods, Inc.*, 2:20-CV-203-Z, 2021 WL 2637335 (N.D. Tex. June 25, 2021), in which district courts concluded a private actor was acting pursuant to a federal officer's direction in response to the COVID-19 crisis. Both *Fields* and *Wazelle* involved meatpacking plants designated as critical infrastructure by the federal government, and which received support and oversight from federal officials to ensure food supply chain stability. 519 F.Supp.3d at 392-93; 2021 WL 2637335, at *5.

Defendant has no compelling argument for why two cases involving meatpacking plants should supplant the vast number of cases declining to allow federal officer removal in skilled

nursing facility cases. Defendant argues that it "has had a special relationship with the federal government during the pandemic and have acted under its direction in their response to the COVID-19 pandemic and in their care of Mr. O'Neal[.]" Opposition to Plaintiff's Motion to Remand, at pg. 22. Such an argument, though, would transform every single health care provider who has taken preventative measures related to COVID-19 or treated COVID-19 patients into someone acting pursuant to a federal officer. As the Third Circuit noted in *Maglioli*, "Congress did not deputize" a broad swath of "private-sector workers as federal officers" through designation of nursing homes and other locations as "critical infrastructure" or through its regulations of its operations. 16 F.4th at 406. Defendant has failed to demonstrate that it was acting in "an effort to assist, or to help carry out, the duties or tasks of the federal superior[,]" *Fidelitad, Inc. v. Insitu, Inc.,* 904 F.3d 1095, 1099 (9th Cir. 2018) (internal quotation marks and citation omitted), rather than simply complying with federal law and regulations. The logic applied by district courts in cases with similar factual scenarios and legal claims is persuasive. Defendant was not acting pursuant to a federal officer, and thus removal under section 1442(a)(1) is improper.

## V. CONCLUSION

As Defendant has failed to meet its burden of establishing subject matter jurisdiction, remand is warranted. *See* 28 U.S.C. § 1447(c). The motion to remand is granted and the matter is remanded to Santa Cruz Superior Court. The merits of the motion to compel arbitration or motion to dismiss need not be reached, and these motions are denied as moot.

**IT IS SO ORDERED**.

Dated: February 11, 2022

_____
RICHARD SEEBORG
Chief United States District Judge